THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for David Johnson

E-filing

**FILED**

DEC 9 2008

RICHARD W. WIEKING
CLERK U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

DAVID JOHNSON,

Plaintiff,

v.

JUNE SMOOT, JANE TAGGART
and EUGENE TAGGART, as
Individuals and as Trustees,

Defendants.

Case No. C08
Civil Rights

**CV 08 5524**

COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND
PUBLIC FACILITIES TO PHYSICALLY
DISABLED PERSONS (CIVIL CODE §§ 54,
54.1 AND 55; INJUNCTIVE RELIEF PER
TITLE III, AMERICANS WITH DISABILITIES
ACT OF 1990

Plaintiff, David Johnson, alleges:

FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54.1)

1.     Plaintiff is a C5/6 quadriplegic as the result of an accident. He does not have the use of

his legs, and has limited use of his hands, and is a "person with a disability" and "physically

handicapped person". Plaintiff requires the use of a wheelchair for locomotion and is either

unable to use portions of public facilities which are not accessible to disabled persons who

Complaint                                    1

1    require the use of a wheelchair or is only able to use such portions with undue difficulty.

2    2. The Al's Giant Hamburgers restaurant, located in the shopping center at 2309 Buchanan

3    Road, Antioch, California (the Restaurant) is a Restaurant which is open to the public.

4    Defendants own the real property where the Restaurant is located.

5    3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

6    situated at the Restaurant on September 9 and November 21, 2008 (the Dates). Plaintiff was

7    denied equal protection of the law and was denied Civil Rights under both California law and

8    federal law, as hereinbelow described. Plaintiff was denied his rights to full and equal access at

9    the Restaurant because of inaccessible parking and an inaccessible restroom, all of which made

10   the Restaurant not properly accessible to Plaintiff and to others similarly situated. Plaintiff

11   seeks injunctive relief to require Defendants to make the parking and restroom accessible, to

12   comply with ADAAG and the CBC where required, to remove all barriers to access in the

13   Restaurant which are readily achievable to remove, to make all reasonable accommodations in

14   policy in order to enable Plaintiff and others similarly situated to use the Restaurant and at

15   minimum, to use readily achievable alternative methods to enable Plaintiff to use the goods and

16   services which the Restaurant makes available to the non-disabled public. Plaintiff also seeks

17   the recovery of damages for his personal damages involved in the discriminatory experiences

18   on the Dates, and seeks recovery of reasonable attorney's fees and litigation expenses and costs

19   according to statute.

20   4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

21   violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

22

23
        Complaint                          2

1   supplemental jurisdiction, attendant and related causes of action arising from the same facts are

2   also brought under California law, including but not limited to violations of California Civil

3   Code §§ 51, 54, 54.1 and 55.

4   5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

5   that the location where Plaintiff experienced his discrimination is located in this district and

6   that Plaintiff's causes of action arose in this district.

7   6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

8   incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

9   7. The Restaurant is a "public accommodation or facility" subject to the requirements of

10  California Civil Code § 51, 54, 54.1 and 55.

11  8. Placeholder.

12  9. Defendant is and was the owner, operator, manager, lessor and lessee of the subject

13  Restaurant at all times relevant herein. Plaintiff is informed and believes that each of the

14  Defendants is and was the agent, employee or representative of each of the other Defendants,

15  and performed all acts and omissions stated herein within the scope of such agency or

16  employment or representative capacity and is responsible in some manner for the acts and

17  omissions of the other Defendants in proximately causing the damages complained of herein.

18  10. Plaintiff and others similarly situated are disabled persons who require the use of a

19  wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

20  facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

21  the regulations thereof. Under Civil Code §§ 51 and 54.1, Defendants were required to comply

22

23

Complaint                                    3

1    with the requirements of the Americans with Disabilities Act of 1990 and the federal

2    regulations adopted pursuant thereto.  The acts and omissions of which Plaintiff complains took

3    place at the Restaurant.

4    11.  Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people

5    with disabilities and to encourage the full and free use by people with disabilities of public

6    facilities and other public places.  CC §§ 51 and 54(c) state that a violation of the Americans

7    with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that

8    individuals with disabilities are entitled to "full and equal access" to public accommodations

9    and that such access means that which meets the standards of Titles II and III of the Americans

10   with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states

11   that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC

12   § 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a

13   defendant who denies or interferes with a disabled person's rights of access is liable for actual

14   damages and attorneys' fees.

15   12.  Health & Safety Code § 19955 was enacted "To ensure that public accommodations or

16   facilities constructed in this state with private funds adhere to provisions of Chapter 7

17   (commencing with § 4450) of Division 5 of Title 1 of the Government Code."  Such public

18   accommodations include those which are the subject of this action.  On information and belief,

19   Title 24 California Code of Regulations, formerly known as the California Administrative

20   Code, was in effect at the time of construction and of each alteration of work, all of which

21   occurred after July 1, 1982, thus requiring access complying with the specifications of title 24

22

23

Complaint                                    4

1    for all such construction and for each such "alteration, structural repair or addition".

2    13.  The Restaurant's parking lot has a space marked as being accessible, but which has no

3    marked access aisle.  The entrance to the Restaurant's men's restroom is inaccessible to people

4    in wheelchairs, because of a lack of strikeside clearance.

5          On the Dates, Plaintiff patronized the Restaurant.  One time, because a vehicle was

6    parked in the space adjacent to the "accessible" space, he had difficulty getting out of his

7    vehicle.  Both times, Plaintiff had to have his wife open the restroom door for him.

8          As a result, Plaintiff was embarrassed and humiliated in an amount according to proof.

9    14.  Defendant's failure to create an accessible parking space and men's restroom for the

10    Restaurant, remove all readily achievable barriers, institute policies in furtherance of

11    accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

12    offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a

13    violation of the California Building Code, the Americans with Disabilities Act and federal

14    regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51

15    and 54, et seq.

16    15.  Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by

17    Defendant at the Restaurant as stated above which appear to be continuing, and which have the

18    effect of wrongfully excluding Plaintiff and others similarly situated from using the Restaurant.

19    Plaintiff will patronize the Restaurant again once the barriers are removed.  Such acts and

20    omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions

21    continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate

22

23

    Complaint               5

1    against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use

2    of a wheelchair for movement in public places. Plaintiff is unable so long as such acts and

3    omissions of Defendant continue, to achieve equal access to and use of this public facility. The

4    acts of Defendant have proximately caused and will continue to cause irreparable injury to

5    Plaintiff if not enjoined by this Court.

6    16. Damages: As a result of the denial of equal access to the Restaurant and due to the acts and

7    omissions of Defendants and each of them in owning, operating and/or leasing the Restaurant,

8    Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code

9    §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages.

10   Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole

11   basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal

12   basis as other persons. Plaintiff seeks actual damages, the minimum per occurrence damages of

13   $4,000 pursuant to CC § 52, and $1,000 pursuant to CC § 54.3. Plaintiff also seeks trebling of

14   all of the actual damages as provided by Civil Code § 54.3.

15   17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been

16   required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order

17   to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled

18   persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

19   recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§

20   52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for

21   damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all

22

23

Complaint                        6

1    disabled members of the public, justifying "public interest" attorney's fees, litigation expenses

2    and costs pursuant to Code of Civil Procedure § 1021.5.

3    18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing

4    refusal by Defendants to comply with the requirements of the Americans with Disabilities Act

5    of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to

6    the Restaurant; for statutory damages pursuant to CC § 52; for actual and treble damages

7    pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

8                           SECOND CLAIM FOR RELIEF:
                   VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
9                              42 USC §§ 12101 FF

10   19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

11   20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

12   regarding physically disabled persons, finding that laws were needed to more fully protect

13   "some 43 million Americans [with] one or more physical or mental disabilities"; that

14   "historically society has tended to isolate and segregate individuals with disabilities"; and that

15   "such forms of discrimination against individuals with disabilities continue to be a serious and

16   pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities

17   are to assure equality of opportunity, full participation, independent living and economic self

18   sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary

19   discrimination and prejudice denies people with disabilities the opportunity to compete on an

20   equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

21   21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

22

23

           Complaint                            7

1   §12101(b)):

2       It is the purpose of this act
        (1) to provide a clear and comprehensive national mandate for the elimination of
3       discrimination against individuals with disabilities;

4       (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination
        against individuals with disabilities;
5
        (3) to ensure that the Federal government plays a central role in enforcing the standards
6       established in this act on behalf of individuals with disabilities; and

7       (4) to invoke the sweep of Congressional authority, including the power to enforce the
        14th Amendment and to regulate commerce, in order to address the major areas of
8       *discrimination faced day to day* by people with disabilities (emphasis added).

9   22.  As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the

10  "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private

11  Entities" (42 USC 12181 ff).  Among "private entities" which are considered "public

12  accommodations" for purposes of this Title is a Restaurant (Regulation 36.104).

13  23.  Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the

14  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

15  advantages or accommodations of any place of public accommodation by any person who

16  owns, leases or leases to, or operates a place of public accommodation."

17  24.  Among the specific prohibitions against discrimination were included:

18  *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or

19  procedures when such modifications are necessary to afford such goods, services, facilities,

20  privileges, advantages or accommodations to individuals with disabilities ...";

21  *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual

22

23
        Complaint                                8

1    with a disability is excluded, denied service, segregated, or otherwise treated differently than

2    other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*:

3    "A failure to remove architectural barriers and communication barriers that are structural in

4    nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*:

5    "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

6    achievable, a failure to make such goods, services, facilities, privileges, advantages, or

7    accommodations available through alternative methods if such methods are readily achievable".

8    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights

9    under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

10   36ff.

11   25.  The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were

12   at all times herein mentioned "readily achievable" under the standards of the Americans With

13   Disabilities Act.  Because the Restaurant was not accessible, Defendants had an obligation to

14   have some sort of plan which would have allowed Plaintiff to enjoy the Restaurant's services

15   without having to suffer the indignities as aforesaid.

16   26.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

17   entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

18   USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

19   violation of this Title or has reasonable grounds for believing that he is about to be subjected to

20   discrimination in violation of §12182.  On information and belief, Defendants have continued

21   to violate the law and deny the rights of Plaintiff and of other disabled persons to access this

22

23

Complaint                                9

1  public accommodation since on or before the Dates. Pursuant to §12188(a)(2), "In cases of

2  violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to

3  make such facilities readily accessible to and usable by individuals with disabilities to the

4  extent required by this title."

5  27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

6  1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

7  Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

8  of the ADA who is being subjected to discrimination on the basis of disability in violation of

9  Title III and who has reasonable grounds for believing he will be subjected to such

10  discrimination each time that he may attempt to patronize the Restaurant.

11  Wherefore Plaintiff prays for relief as hereinafter stated:

12  PRAYER

13  1. Issue a preliminary and permanent injunction directing Defendants to modify its

14  facilities as required by law to comply with the ADAAG and the CBC where required, remove

15  all barriers where it is readily achievable to do so, institute policies in furtherance of

16  accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

17  offered to the non-disabled public so that it provides adequate access to all citizens, including

18  persons with disabilities; and issue a preliminary and permanent injunction directing

19  Defendants to maintain its facilities usable by plaintiff and similarly situated persons with

20  disabilities in compliance with federal regulations, and which provide full and equal access, as

21  required by law;

22

23  Complaint                              10

1         2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

2    Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

3    public facilities as complained of herein no longer occur, and will not recur;

4         3. Award to Plaintiff all appropriate statutory damages;

5         4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs

6    of this proceeding as provided by law; and

7         5. Grant such other and further relief as this Court may deem just and proper.

8    Date: December 8, 2008

9

10

11         ___S/Thomas N. Stewart, III_____
           Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23
     Complaint               11